```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHN T. PICKERING-GEORGE, (adopted)
JOHN R. DALEY, JR.,

                    Plaintiff,
                                          ORDER
          -against-                       10-CV-1103 (JS)(ETB)

BROOKHAVEN (N.Y.) CENTER, SANDY
PACELLO, Site Coordinator, WAGE
AND INVESTMENT DIRECTOR-FIELD
ACCOUNTS MGT., RUBEN D. PRIEGUES,
Compliance, DISCLOSURE OFFICER
CYNTHIA J. MEALS-VITELLI,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      John T. Pickering-George, Pro Se
                    100 W. 74th Street
                    Apt. 6-D
                    Bronx, New York 10453

For Defendants:     No appearances
```

SEYBERT, District Judge:

On March 3, 2010, the pro se Plaintiff John T. Pickering-George (adopted) John R. Daley, Jr., ("Plaintiff") filed his Complaint against the Defendants, Brookhaven (N.Y.) Center, Sandy Pacello, Site Coordinator, Wage and Investment Director-Field Accounts Mgt., Ruben D. Priegues, Compliance, and Disclosure Officer Cynthia J. Meals-Vitelli (collectively, "Defendants") accompanied by an application to proceed in forma pauperis.[1] For

---

[1] Also accompanying Plaintiff's Complaint is an eleven page handwritten document largely comprised of citations to various federal statutes and case law. The cover page of this document describes the submission as: "Mandatory General Order, Mandated Process, General Provisions Governing Discovery and Injunction Process for Disbursment [sic] of Documents, Applications in

the reasons that follow, the Court grants Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and sua sponte dismisses the Complaint without prejudice and with leave to file an Amended Complaint.

I. Background

Plaintiff's handwritten, twelve page Complaint is incomprehensible. Plaintiff alleges that the Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 656, 1361 and 1651(a) and states that his claims arise under the First, Fourth and Fourteenth Federal Constitutional Amendments. The balance of the Complaint is largely comprised of quotations from various federal statutes and case law. The only factual allegations that can be gleaned from the Complaint are set forth on the fourth and fifth pages as follows:

> *[O]N THE (MONTH/DATE/YEAR) OF, 11/20/2009 THE FOLLOWING APPLICATION WAS SERVED ON THE NAMED ADMINISTRATION, THEE [sic] BROOKHAVEN (NY) CENTER, 1040 WAVERLY AVENUE, SITE COORDINATOR CENTER DIRECTOR: SANDY PACELLO., WAGE AND INVESTMENT CENTER DIRECTOR-FIELD ACCOUNTS MGT., AND OTHER ADMINISTRATIONS DEPARTMENTS IN, HOLTSVILLE, NEW YORK 11742, EXHIBIT: <u>A</u>, DATED:11/19/2009 (13) THIRTEEN PAGES IN TOTAL. IT WAS RECEIVED IN THE BROOKHAVEN (NY) CENTER, ON 11/24/2009 [A] RETURNED RECEIPT STAMPED OF SAID DATE. ENCLOSED ARE THE PHOTOCOPY OF

---

Regards to, "<u>Excise Tax Registration</u>", in Accordance with [A] <u>License</u> [sic], 26 U.S.C. § 4412(a)(1)(2)(3), (b)(c), <u>Internal Revenue District</u>, also 26 U.S.C. § 4744(a)(1), "<u>Marijuana Tax Act</u>," the "<u>Excise Tax</u>", Chapter 40 General Provisions Relating to Occupational Taxes, 26 U.S.C. §§ 4702-4900. . . . ." (Emphasis in original).

> POSTAL SERVICE, CERTIFIED MAIL RECEIPT, AND
> PHOTOCOPY OF RETURN RECEIPT FOR MERCHANDISE,
> DOMESTIC RETURN RECEIPT.
>
> . . .
>
> (PETITIONER) "<u>DID</u> <u>NOT</u>" RECEIVE ANY RESPONSE
> (90) NINETY DAYS HAVE PAST [sic] AFTER
> "<u>FILING</u>" THE REQUEST FOR THE APPLICATION,
> REGISTRATION, FEE AMOUNT, OF THE ENCLOSED
> MATTER. PRO SE PETITIONER "MOTIONS" FOR
> ATTORNEY FEES, "COSTS AND FEES", FOR FAILURE
> TO RESPOND, FOR THE SUM OF $25,000.00. . . .

(Compl. at pages 4 and 5) (Emphasis in original). Plaintiff describes the remedy sought as follows:

> TO HAVE ALL DOCUMENTS RELEASED TO PETITIONER
> IN ACCORDANCE WITH APPLICATION, REGISTRATION
> REQUIREMENTS, ANNUAL REGISTRATION FEES OF
> EXCISE TAX REGISTRATION, OBTAINING [A] LISCENS
> [sic], MARIJUANA TAX ACT, REVENUE DISTRICT.
> DISBURSEMENT OF DOCUMENTS PURSUANT TO . . .
> FRCP. RULES. <u>45(A)(1)(A-D)</u>, <u>(b)(1-3)</u>,
> <u>(c)(2)(A)(B)</u>, <u>(d)(1)(A)-(D)</u>, <u>(2)(A)(B)</u>,<u>(e)</u>, 28
> U.S.C. § 656 SUBPOENAS, IN GENERAL, FORM
> ISSUANCE, SERVICE DUTIES IN RESPONDING TO
> SUBPOENA, CONTEMPT AGAINST (DEFENDANTS-
> RESPONDENTS)., FRCP RULE <u>65(d)(e)</u>
> "INJUNCTIONS"., FRCP <u>70(a-e)</u> AS AMENDED., FRCP
> RULE <u>81(a)(3)(f)</u>. * BECAUSE THE SOIRE FACIAS
> AND MANDAMUS ARE ABOLISHED IN CIVIL RULE
> PROCEEDINGS.
>
> . . .
>
> DISBURSEMENT OF ATTORNEY FEES, COSTS DEMAND,
> $25,000.00 TWENTY FIVE THOUSAND DOLLARS,
> AGENCY FAILURE TO RESPOND WITHIN (90) DAYS,
> FREEDOM OF INFORMATION ACT (FOIA), . . . . 5
> U.S.C. 552(A)(4)(E) & (<u>F</u>).

(Compl. at page 7, ¶ IV.)(Emphasis in original).

II. Discussion

    A.    In Forma Pauperis Application

Upon review of the Plaintiff's application, this Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed in forma pauperis is granted.

    B.    Application Of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court todismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See id.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Notwithstanding the liberal pleading standards afforded pro se litigants, all complaints must contain at least "some

4

minimum level of factual support for their claims," Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987). Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8. Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him. See Fed. R. Civ. P. 8; Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). In that vein, the Second Circuit has held that complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal. See Alfaro Motors, 814 F.2d at 887.

Applying these standards to the case at hand, and according Plaintiff's Complaint a liberal construction, see Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176, 66 L. Ed. 163, the Court finds that Plaintiff's Complaint does not meet the pleading requirements of Rule 8. As is readily apparent, Plaintiff's Complaint provides insufficient notice to the Defendants of the claims asserted against them. Accordingly, the Court sua sponte dismisses Plaintiff's Complaint without prejudice. In accordance with the Second Circuit's preference for adjudication of cases on the merits, the Court grants Plaintiff leave to amend the Complaint

to properly allege any valid claims he may have.

## CONCLUSION

For the reasons set forth above, the Plaintiff's application to proceed in forma pauperis is granted, the Complaint is sua sponte dismissed without prejudice and with leave to file an Amended Complaint that complies with Federal Rule of Civil Procedure 8 by May 19, 2010. Plaintiff is warned that the failure to file an Amended Complaint within this time period will result in dismissal of his Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April   30  , 2010
       Central Islip, New York