```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOHN T. PICKERING-GEORGE, (adopted)
JOHN R. DALEY, JR.,

                    Plaintiff,
                                            ORDER
         -against-                          10-CV-1103 (JS)(ETB)

ATTORNEY GENERAL OF UNITED STATES
(DOJ),(IRS), INTERNAL REVENUE SERVICE,
BROOKHAVEN (NY) CENTER, SANDY PACELLO,
Site Coordinator, WAGE AND INVESTMENT
DIRECTOR-FIELD ACCOUNTS MGT., RUBEN D.
PRIEGUES, Compliance, DISCLOSURE
OFFICER CYNTHIA J. MEALS-VITELLI, U.S.
ATTORNEY OF NEW YORK AND CHIEF COUNSEL,
EASTERN DISTRICT OF NEW YORK,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:     John T. Pickering-George, Pro Se
                   100 W. 74th Street
                   Apt. 6-D
                   Bronx, New York 10453

For Defendants:    No appearances
```

SEYBERT, District Judge:

Pursuant to this Court's July 14, 2010 Order dismissing the pro se in forma pauperis Amended Complaint of plaintiff John T. Pickering-George (adopted) John R. Daley, Jr., ("Plaintiff") without prejudice and with leave to amend. Plaintiff has filed a Second Amended Complaint against several of the same Defendants as the earlier two Complaints, namely Internal Revenue Service Brookhaven (N.Y.) Center, Sandy Pacello, Site Coordinator, Wage and Investment Director-Field Accounts Mgt., Ruben D. Priegues, Compliance, and Disclosure Officer Cynthia J. Meals-Vitelli.

Plaintiff has also added the Attorney General of the United States (DOJ), the U.S. Attorney of New York and Chief Counsel, Eastern District of New York as Defendants in the Second Amended Complaint. (Collectively with the original Defendants, "Defendants"). For the reasons that follow, the Court sua sponte dismisses the Second Amended Complaint.

I. Background

Much like Plaintiff's prior two Complaints, the Second Amended Complaint is incomprehensible. Plaintiff's handwritten Second Amended Complaint is comprised of ten pages of unrelated, unnumbered paragraphs that do not state any claim nor do they set forth any factual allegations against any of the named Defendants. Rather, the Second Amended Complaint is gibberish. For example, Plaintiff begins his Second Amended Complaint:

> [N]ow here comes Pro Se Plaintiff, "with motions" to file [A] second amended complaint that complies with FRCP. Rule. 8. Plaintiff now motions to strike such parts as are redundant, immaterial, irrelevant or unresponsive.

(Compl. at p. 3). Plaintiff's nonsensical narrative continues throughout the remainder of his Second Amended Complaint. A representative section of the Second Amended Complaint reads:

> The sufficiency is in accordance with, FRCP. Rule. 4(f)(2)(A) and the, mailing, validity, and genuiness [sic] of writtings [sic], mailing and delivery thee [sic] genuiness [sic] of writtings [sic] was in regards to, the application for excise tax registration, in accordance with Plaintiff brought this

2

> action to , [A] license or tax, license fees and taxes eligibility for license, nature of license occupations and privileges of (IRS) internal revenue district, Marijuana Tax Act[1] and thee [sic] <u>excise</u> <u>tax</u> . . .
>
> [P]laintiff is in fact [a] pro se litigant in the U.S. District Courts of many districts and the United States Supreme Court with (20) tweenty [sic] civil rights actions, all jury trial demand, volumeous [sic] exhibits in regards to, exhausting administrative procedures law suits against federal and state administrations, department, divisions, and officials. Plaintiff in all litigation "did not" received cash credit in which are apart of titles of Code of Federal Regulations, United States Codes, and general business laws, in violation of cash advances for pro se plaintiff's civil actions, law suits cash advance agencies . . . .

(Compl. at p. 4).

The balance of the Second Amended Complaint follows in this format, and is wholly devoid of any factual allegations or claims against any of the Defendants. Nor can the Court discern the relief Plaintiff seeks given that his "[c]laims for relief-demand for judgment" reads as follows:

> [Plaintiff's claims for relief motion is for judgment and decrees generally in accordance with jurisdictions of pending actions and judgments intrest [sic], computation, interest

---

[1] Plaintiff references the "Marijuana Tax Act" throughout his Second Amended Complaint. The Court notes that this federal law, formerly codified at 26 U.S.C. §4744, was largely held unconstitutional in 1969, <u>Leary v. U.S.</u>, 395 U.S. 6, 89 S. Ct. 1532, 23 L. Ed. 2d 57 (1969), and was repealed in 1970. <u>Gonzales v. Raich</u>, 545 U.S. 1, 11, 125 S. Ct. 2195, 2202 (2005). Thus, this statute cannot provide the legal basis for Plaintiff's Complaint.

3

> on money judgments, district courts, rates calculation. Bill of costs included . . . under special jurisdiction provisions governing laws,. Default judgment generally such as docket fees, taxation as costs, foreign states forfeiture annexed to any articles of bonds or other specialties, actions to recover., and payment of judgment against United States, and exception., *proceedings to procure license or certificate license fees and taxes, in regards to eligibility for license, nature of license, occupations and privileges of (IRS) Internal Revenue District, Marijuana Tax Act and the excise tax . . . .

(Compl. at p.7).

II. Discussion

A. Application Of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See id. Section 1915(e), as amended by the Prison Litigation Reform Act of 1995, applies to both prisoner and non-prisoner in forma pauperis actions. See Burns v. Goodwill Indus. of Greater New York, No. 01-CV-11311, 2002 WL 1431704, at *2 (S.D.N.Y. July 2, 2002).

An action is "frivolous" when "the factual contentions are clearly baseless, such as when allegations are the product of

delusion or fantasy." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); see also Gelish v. Social Sec. Admin., No. 10-CV-3713 (JS), 2010 WL 3780372, at *4 (E.D.N.Y. Sept. 17, 2010); McCormick v. Jackson, No. 07-CV-7893 (JSR), 2008 WL 3891260 (S.D.N.Y. Aug. 21, 2008). As is readily apparent from a casual reading of the Second Amended Complaint, the allegations in this case "rise to the level of the irrational or the wholly incredible." Denton, 504 U.S. at 33.

The ten page handwritten Second Amended Complaint, comprised largely of random citations to the Federal Rules of Civil Procedure and legal jargon strung together to form what one may liberally construe as a sentence, presents an indecipherable narrative bereft of any factual allegation that could be described only as "the product of delusion or fantasy." Livingston, 141 F.3d at 437. As a result, the Court is unable to discern that Plaintiff has a claim against anyone, let alone a named Defendant.

Construing liberally Plaintiff's third attempt at a Complaint that complies with Fed. R. Civ. P. 8 and 28 U.S.C. § 1915, the Court finds that Plaintiff's claims are factually

frivolous, "rising to the level of the irrational or wholly incredible," Denton, 504 U.S. at 26, and are thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[2] See, e.g., McCracken v. Fass, 06-CV-3892 (JS), 2006 WL 2927162, at *2 (E.D.N.Y. Oct. 10, 2006); Jones v. City of New York, No. 99-CV-8281, 2000 WL 516889, at *3 (E.D.N.Y. March 15, 2000); Manzu v. Manzu, No. 95-CV-4286, 1995 WL 837317, at *1 (E.D.N.Y. March 18, 1995). The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F. 3d 121, 123 (2d Cir. 2000). This is Plaintiff's third attempt to file a Complaint that satisfies the liberally construed requirements of Fed. R. Civ. P. 8 and 28 U.S.C. § 1915 as applied to pro se litigants and Plaintiff, again, has demonstrated he has nothing but a frivolous pleading. Accordingly, Plaintiff's Second Amended Complaint is sua

---

[2] For the reasons detailed in the Court's two prior orders, Plaintiff's Second Amended Complaint also fails to satisfy Fed. R. Civ. P. 8 in that the Second Amended Complaint does not set forth "a short and plaint statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8. See also, Orders, dated April 30, 2010 and July 14, 2010, Seybert, D.J. According Plaintiff's Second Amended Complaint a liberal construction, see Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, the Court finds that Plaintiff's Second Amended Complaint does not meet the pleading requirements of Rule 8 and fails to provide notice to the Defendants of the claims asserted against them.

sponte DISMISSED.

## CONCLUSION

For the reasons set forth above, the Second Amended Complaint is sua sponte dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/S/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November 3, 2010
Central Islip, New York