```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOHN T. PICKERING-GEORGE, (adopted)
JOHN R. DALEY, JR.,

                      Plaintiff,
                                                ORDER
          -against-                             10-CV-1103 (JS)(ETB)

ATTORNEY GENERAL OF UNITED STATES
(DOJ),(IRS), INTERNAL REVENUE SERVICE,
BROOKHAVEN (NY) CENTER, SANDY PACELLO,
Site Coordinator, WAGE AND INVESTMENT
DIRECTOR-FIELD ACCOUNTS MGT., RUBEN D.
PRIEGUES, Compliance, DISCLOSURE
OFFICER CYNTHIA J. MEALS-VITELLI, U.S.
ATTORNEY OF NEW YORK AND CHIEF COUNSEL,
EASTERN DISTRICT OF NEW YORK,

                      Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:     John T. Pickering-George, Pro Se
                   100 W. 74th Street
                   Apt. 6-D
                   Bronx, New York 10453

For Defendants:    No appearances
```

SEYBERT, District Judge:

Presently pending before the Court is pro se Plaintiff's Motion for Reconsideration of this Court's November 3, 2010 Order ("November 3, 2010 Order") dismissing Plaintiff's Second Amended Complaint. For the reasons discussed herein, Plaintiff's Motion for Reconsideration is DENIED.

## BACKGROUND

Plaintiff filed the original Complaint in this action on March 3, 2010. The Complaint was subsequently dismissed by Order on April 30, 2010 pursuant to 28 U.S.C. § 1915 and Federal Rule of

Civil Procedure 8. On May 13, 2010 Plaintiff filed his Amended Complaint which was almost identical to the original pleading and was again dismissed with leave to replead. See Order, dated July 14, 2010. Plaintiff filed his Second Amended Complaint which, much like the prior two Complaints, was incomprehensible and wholly devoid of any factual allegations. Accordingly, by Order dated November 3, 2010, the undersigned dismissed Plaintiff's Second Amended Complaint with prejudice for failure to comply with Fed. R. Civ. P. 8.

On November 22, 2010 Plaintiff filed a motion to reconsider this Court's dismissal with prejudice of Plaintiff's Second Amended Complaint.

## DISCUSSION

I.  Motion for Reconsideration

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 U.S. Dist. LEXIS 17820, at *4 (E.D.N.Y. March 14, 2007). A motion for reconsideration is appropriate under Rule 59(e) when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to re-package and re-litigate arguments and issues already considered by

2

the Court in deciding the original motion.  See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously.").  Nor is it proper to raise new arguments and issues.  See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997).

Rule 60(b) provides "extraordinary judicial relief" that may "only be granted upon a showing of exceptional circumstances."  Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).  Local Rule 6.3 provides that a party moving for reconsideration must "set [] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked."  "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995); see also Medoy v. Warnaco Empls. Long Term Disability Ins. Plan, No. 97-CV-6612, 2006 U.S. Dist. LEXIS 7635, at *4 (E.D.N.Y. Feb. 15, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered by the Court.").

Plaintiff's Motion for Reconsideration provides no controlling decisions which the Court may have overlooked.  In

fact, Plaintiff cites no case law in his motion nor does he point to any controlling matters which the Court overlooked. A representative section from Plaintiff's motion entitled "Statement of Claims" provides as follows:

> 9) Allegations as to jurisdiction and legal proceedings, also legal process.
> 10) Executive privileges and the Freedom of Information Act.
> 12) Matters of congressional policy considerations.
> 13) Appointment, authority, and duties of officers and representatives.
> 14) Intervention by United States or State, constitutional question.
> 15) Conclusion of law adjudication from facts, fact-finding alleged.

(Motion at p. 2.A.). Plaintiff's "Statement of Claims" continues in this fashion for thirty-two separately numbered paragraphs. After the "Statement of Claims" Plaintiff then lists his "Claims for Relief", which includes, for example:

> 8) Claims of relief is for remedy.
> 9) Claims of relief, aid, legal redress "noun", and associated concepts.
> 10) Conclusion of law adjudication of, release "noun, verb", exemption and associated concepts.

(Motion at p. 2.C.).

Even given the liberal construction afforded to pro se litigants, the Court can discern no legal basis for granting Plaintiff's Motion for Reconsideration. Furthermore, Plaintiff does not indicate any exceptional circumstances which would warrant such relief. Accordingly, the Plaintiff's Motion for

Reconsideration is DENIED.

## CONCLUSION

For the reasons set forth above, the Motion for Reconsideration is DENIED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  January  5 , 2011
        Central Islip, New York